IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

LEONARD RUBIO GARCIA, §
§
Plaintiff, §
§
VS. § Civil Action No. 3:25-CV-3543-D
§
EQUIFAX INFORMATION §
SERVICES, LLC, et al., §
§
Defendants. §

MEMORANDUM OPINION
AND ORDER

In this action, plaintiff Leonardo Rubio Garcia ("Rubio") sues several defendants, including Bank of America, N.A. ("BANA"), seeking relief under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*. BANA moves under Fed. R. Civ. P. 12(c) for judgment on the pleadings. The dispositive question presented by BANA's motion is whether Rubio has plausibly pleaded that BANA furnished information about Rubio to a credit reporting agency ("CRA") that was inaccurate or incomplete, and the inaccuracy or incompleteness of the information was objectively and readily verifiable by BANA. Concluding that Rubio has pleaded a plausible claim, the court denies BANA's motion.

I

Rubio is a Cuban immigrant who moved to the United States in 2022.[1] He was

---

[1]The court recounts the background facts favorably to Rubio as the nonmovant. In deciding a Rule 12(c) motion—as in deciding a Rule 12(b)(6) motion—"[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation

assigned a Social Security Number ("SSN") on July 2, 2024.

Shortly after Rubio moved to the United States, he discovered that another individual had used his name, credentials, identity, and/or Cuban documentation to open multiple credit accounts. Fearing that his identity had been stolen, Rubio obtained a copy of his credit reports and discovered multiple accounts ("Inaccurate Accounts") and personal information entries that he did not recognize, authorize, or apply for. One of the Inaccurate Accounts was a BANA account that was opened on February 27, 2023 ("BANA Account").

Rubio submitted several written disputes in 2025 to the CRA Defendants[2] "disput[ing] that the Inaccurate Accounts were not his, but rather the product of fraud and identity theft." Compl. ¶ 54. In response to these disputes, one or more of the CRA Defendants forwarded Automated Consumer Dispute Verification form(s) to BANA and the other Furnisher Defendants.[3] Rubio contends that the Furnisher Defendants failed to properly investigate his disputes and "responded with a false 'verification' to one or more CRA Defendants." *Id.* ¶ 91.

Rubio later filed this lawsuit, alleging, *inter alia*, that BANA's actions violated § 1681s-2(b) of the FCRA. BANA moves under Rule 12(c) for judgment on the pleadings.

---

marks omitted) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (addressing Rule 12(b)(6) standard)).

[2]The CRA Defendants are Equifax Information Services, LLC, Experian Information Solutions, Inc., and Trans Union LLC.

[3]The Furnisher Defendants are BANA, Citibank, N.A., Santander Consumer USA Inc., TD Bank, N.A., Wells Fargo Bank, N.A., A&D Mortgage LLC, American Express National Bank, Capital One, N.A., and Comenity Capital Bank.

Rubio opposes the motion, which the court is deciding on the briefs, without oral argument.

II

Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Rule 12(c). The standard for deciding a motion under Rule 12(c) is the same as the one for deciding a motion to dismiss under Rule 12(b)(6). *See Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 n.8 (5th Cir. 2002).[4] Because the standard is the same, the court will rely on Rule 12(b)(6) decisions as well as Rule 12(c) rulings when discussing the applicable standard and procedure.

"In deciding a Rule 12(b)(6) motion to dismiss, the court evaluates the sufficiency of [plaintiff's complaint] by 'accept[ing] all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Bramlett v. Med. Protective Co. of Fort Wayne, Ind.*, 855 F.Supp.2d 615, 618 (N.D. Tex. 2012) (Fitzwater, C.J.) (second alteration in original) (internal quotation marks omitted) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

---

[4]*See Great Plains Tr. Co.*, 313 F.3d at 313 n.8 ("A number of courts have held that the standard to be applied in a Rule 12(c) motion is identical to that used in a Rule 12(b)(6) motion." (citation omitted)).

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (alteration omitted) (quoting Rule 8(a)(2)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

III

A

The FCRA prohibits "furnishers of information . . . relating to a consumer" from reporting "any information" to "any consumer reporting agency if the [furnisher] knows or has reasonable cause to believe that the information is inaccurate." 15 U.S.C. § 1681s-2(a)(1)(A). "To state a claim under . . . § 1681s-2(b) against a furnisher of information, [plaintiff] must make 'an initial showing of factual inaccuracy in the information provided by a furnisher to a CRA as a prerequisite to recovery.'"[5] *Duren v.*

---

[5]"[P]laintiff must [also] show that: (1) he disputed the accuracy or completeness of information with a consumer reporting agency; (2) the agency notified the furnisher of the consumer's dispute; (3) and the furnisher failed to conduct an investigation, correct any inaccuracies, or notify the agency of the results of the investigation." *Shaunfield v. Experian Info. Sols., Inc.*, 991 F.Supp.2d 786, 805 (N.D. Tex. 2014) (Ramirez, J.) (citations omitted), *rec adopted*, 991 F.Supp.2d 786 (N.D. Tex. 2014) (Lynn, J.). BANA does not contend that

*Westlake Servs. LLC*, 2025 WL 2821247, at *3 (N.D. Tex. Sept. 17, 2025) (Ray, J.) (quoting

*Spencer v. Specialized Loan Servicing, LLC*, 2021 WL 4552548, at *7 (N.D. Tex. Sept. 1,

2021) (Scholer, J.)), *rec. adopted*, 2025 WL 3036984 (N.D. Tex. Oct. 30, 2025) (O'Connor,

C.J.); *see also Ostiguy v. Equifax Info. Servs., LLC*, 2017 WL 1842947, at *5 (W.D. Tex.

May 4, 2017) ("[A]s other courts have noted, section 1681s-2(b) requires a showing of a

factual inaccuracy in suits against furnishers for the same rationale that section 1681i(a)

requires a showing of a factual inaccuracy in suits against CRAs—namely, that damages

would be impossible to prove without an inaccuracy." (citing cases)), *aff'd sub nom. Ostiguy

v. Equifax Info. Servs., L.L.C.,* 738 Fed. Appx. 281 (5th Cir. 2018).   "A credit entry is

'inaccurate' within the meaning of the [FCRA] if (1) 'it is patently incorrect,' or (2) 'is

misleading in such a way and to such an extent that it can be expected to adversely affect

credit decisions.'"  *Davidson v. Texan Credit Corp.*, 2025 WL 1914397, at *5 (N.D. Tex.

Apr. 28, 2025) (Cureton, J.) (quoting *Ostiguy*, 2017 WL 1842947, at *3), *rec. adopted*, 2025

WL 1625353 (N.D. Tex. June 9, 2025) (Pittman, J.).  Additionally, to be actionable under

the FCRA, an "alleged inaccuracy reported by the consumer reporting agency must first be

'sufficiently objectively verifiable.'"  *Reyes v. Equifax Info. Servs., L.L.C.*, 140 F.4th 279,

288 (5th Cir. 2025) (quoting *Mader v. Experian Info. Sols., Inc.*, 56 F.4th 264, 270 (2d Cir.

---

Rubio has failed to plausibly allege these remaining elements. *See* D. Reply (ECF No. 107) at 5 ("BANA's Motion does not ask the Court to evaluate the reasonableness of its investigation.  BANA's Motion asks the Court to determine, as a matter of law, that the Complaint fails to plead an objectively and readily verifiable inaccuracy in the first instance.").

2023)); *see also, e.g.*, *Roberts v. Carter-Young, Inc.*, 131 F.4th 241, 252 (4th Cir. 2025) ("[A] plaintiff alleging a violation of a furnisher's obligation to reasonably investigate indirect disputes must allege facts that, if true, show that her credit report contained inaccurate or incomplete information" and that "the inaccuracy or incompleteness is objectively and readily verifiable by the furnisher.").[6]

B

BANA maintains that the court should dismiss Rubio's § 1681s-2(b) claim because he has failed to identify an "objectively and readily verifiable" inaccuracy in the information BANA provided to the CRAs. D. Br. (ECF No. 85) at 6. It contends that the question whether Rubio's Cuban identity was used by the BANA Account Holder[7] to obtain a U.S. identity, including a SSN, before Rubio arrived in the United States "is well outside the scope of a furnisher's investigation obligations and is more appropriate for a tribunal," *id.* at 7; that it is not objectively and readily verifiable that two people would be issued the same SSN; and that "[w]hile there may be an issue for the [Social Security Administration

---

[6]Although the Fifth Circuit in *Reyes* did not specifically extend this holding to *furnishers* of information, courts in other circuits have. *See, e.g.*, *Roberts*, 131 F.4th at 252; *Ryant v. Navy Fed. Credit Union*, 2026 WL 1305274, at *2 (D.S.C. Apr. 2, 2026) ("To state a claim for a violation of § 1681s-2(b), a plaintiff . . . must allege facts that, if true, indicate an inaccuracy or incompleteness in their credit report that is objectively and readily verifiable by the furnisher." (citation omitted)), *rec. adopted*, 2026 WL 1304050 (D.S.C. May 12, 2026); *Ray v. Experian Info. Sols., Inc.*, 2025 WL 3034099, at *3 (N.D. Tex. Oct. 30, 2025) (Starr, J.) ("Furnishers of debt must investigate disputes involving 'objectively and readily verifiable' information." (citing *Roberts*, 131 F.4th at 251)).

[7]In its brief, BANA refers to the third party who allegedly opened the BANA Account (i.e., not Rubio) as the "BANA Account Holder." D. Br (ECF No. 85) at 1.

("SSA")] to resolve, that does not mean BANA's attribution of the Account to the BANA

Account Holder—based on the information provided at the time it was opened in February

2023—is inaccurate simply because Plaintiff was issued the same SSN more than sixteen

months later," *id*. at 7-8.

Rubio responds that he has alleged a factual ownership dispute that was objectively

verifiable through BANA's own records.  He contends that BANA's obligation under the

FCRA was limited to determining whether Rubio opened the account or whether it was

opened by someone else, and that he did not ask BANA to resolve a legal defense to a debt,

decide contractual liability, or adjudicate the subjective intent of third parties.  Instead, he

"asked BANA, the furnisher, only to decide whether the account in its own records was

opened by Plaintiff or not," P. Br. (ECF No. 98) at 7.

BANA replies that Rubio's claim is not a straightforward ownership dispute; that the

alleged inaccuracy is inextricably bound up with a subjective, identity-based narrative

involving events in Cuba, the SSA's administrative processes, and the purported death of a

third party; that the BANA Account was necessarily opened by a different person who

possessed a valid SSN that was later reissued to Rubio, a SSA anomaly caused the two credit

profiles to merge, and no furnisher investigation could transform a SSA clerical decision into

a "factual inaccuracy" in data that BANA furnished about its own account; and that

> [i]f multiple people can be associated with a single SSN, then a
> furnisher reviewing its account-opening records would find a
> valid SSN matching a valid account—with no objective means
> of determining which of two people associated with that SSN is
> the "correct" owner.  That is precisely the type of subjective

determination that "evades objective verification" and that requires the adjudicative capacity of a tribunal, not a routine furnisher investigation.

D. Reply (ECF No. 107) at 3-4 (citation omitted).

C

The court holds that Rubio has plausibly pleaded an "objectively and readily verifiable" inaccuracy in the information BANA provided to the CRAs. He alleges that his credit report listed a BANA Account that he did not open, apply for, or authorize, and that the BANA Account was opened on February 27, 2023, before he was issued a SSN. He further alleges that he provided the CRAs "relevant information explaining exactly how his identity was stolen or mixed up with that of another customer," Compl. ¶ 93; that the CRAs forwarded his disputes to BANA; and that "the history on each account, including transactions in Florida and other indicators of identity theft and 'Red Flags,' corroborated [his] story," *id.* ¶ 96.

The inaccuracies in Rubio's credit reports, including the listing of the BANA Account, do not involve "complex fact-gathering and in-depth legal analysis of the sort that courts would typically perform." *Roberts*, 131 F.4th at 251; *cf. Dill v. Experian Info. Sols. Inc.*, 2026 WL 958784, at *14-15 (N.D. Tex. Mar. 18, 2026) (McKay, J.) (recommending that summary judgment be granted on FCRA claim where inaccuracy in plaintiff's credit report was based on bank's alleged acts of identity theft and fraud, including fraudulent issuance of a new credit card, alteration of plaintiff's account statements and term summaries, and refusal to accept plaintiff's payment check, and noting "[a]t a minimum,

[Plaintiff's] challenge to [his] underlying debt, i.e., that it was the result of fraud, involves the application of law to alleged fact(s). And this is precisely the type of analysis that courts have understood that CRAs are not equipped to perform," (citations omitted) (some alterations in original)), *rec. adopted*, 2026 WL 957721 (N.D. Tex. Apr. 8, 2026) (Fish, J.). And the question whether Rubio opened the BANA Account does not implicate unsettled questions of law or require "credibility determinations and quasi-discovery." *Roberts*, 131 F.4th at 251. Whether the BANA Account was opened by Rubio is a question of fact that is "sufficiently objectively verifiable." *Reyes*, 140 F.4th at 288; *Roberts*, 131 F.4th at 252 ("Whether a debt has been paid could, in some instances, be objectively and readily verifiable. So might claims that alleged debts never occurred."); *see also, e.g.*, *Oestreicher v. Flagstar Bank*, 2025 WL 3755609, at *7 (E.D.N.Y. Sept. 29, 2025) (disputed information was "objectively and readily verifiable and thus actionable under the FCRA" because "whether [bank] reported [debtor] as delinquent despite its own records showing an active forbearance is a fact susceptible of ready verification from [bank]'s internal system [and] this case does not turn on the resolution of an unsettled legal question."); *Kanani v. Experian Info. Sols., Inc.*, 2024 WL 3729484, at *3 (M.D. Fla. Aug. 8, 2024) (plaintiffs adequately pleaded an objectively and readily verifiable inaccuracy where they alleged that they entered into an agreement with their landlord to discharge any further obligations and "[r]ather than turning on any disputed provision in the lease agreements, Plaintiffs' allegations are a 'straightforward application of law to facts.'" (quoting *Holden v. Holiday Inn Club Vacations Inc.*, 98 F.4th 1359, 1368 (11th Cir. 2024)).

Accordingly, the court holds that Rubio's allegations are sufficient at the pleading stage to plausibly allege an "objectively and readily verifiable" inaccuracy in the information BANA provided to the CRAs. Because BANA does not present any other ground for dismissal of Rubio's complaint, the court denies its motion for judgment on the pleadings.

\* \* \*

Accordingly, for the reasons explained, the court denies BANA's motion for judgment on the pleadings.

**SO ORDERED**.

May 27, 2026.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE

- 10 -